IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No.: 3:15-362-TLW-SVH |
| | ) | |
|           Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Mr. NFN Livingston, Officer; Judy Dupree, Social Worker; Janice Thomas, RN; Dr. NFN Cross; Kia Wilson, Horry County Attorney; and Kenny Boone, Sheriff, | ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
|           Defendants. | ) ) | |

Leo McClam ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging false arrest, false detainment,[1] and medical neglect claims. [ECF No. 1 at 2]. Plaintiff sues Officer Livingston, Social Worker Judy Dupree, Nurse Janice Thomas, Dr. Cross, Horry County Attorney Kia Wilson, and Sheriff Kenny Boone ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district

---

[1] It appears that Plaintiff has been civilly-committed to the custody of the South Carolina Department of Mental Health ("SCDMH"). The address he provided to the Court is the same as the administrative office for the sexually violent predators treatment program of the SCDMH. Plaintiff also alleges that SCDMH has illegally detained him.

judge dismiss the complaint in this case without prejudice and without issuance and service of process as to Livingston, Dupree, Thomas, Wilson, and Boone.[2]

I. Factual and Procedural Background

Plaintiff alleges that he moved from Horry County to Florence County on September 25, 2010. [ECF No. 1 at 3]. Plaintiff claims that Florence County Sheriff's Department registered his address in "the computer system." *Id.* Plaintiff states that he did not inform Horry County that he was moving to Florence, because the Florence County sheriff was "the presiding agency." *Id.* Plaintiff states that the Horry County sheriff "put a warrant for [his] arrest for failure to register, 2nd offense." *Id.* Plaintiff alleges that after he served one year and one day in the Horry County Detention Center, the South Carolina Department of Mental Health ("SCDMH") "put a hold and warrant on [him] for failure to register, 2nd offense." *Id.* Plaintiff alleges that the state of South Carolina charged him with the same sex offender charge as Horry County, and he argues that this is double jeopardy. *Id.*

Plaintiff also claims that Dr. Cross "placed [him] on medical injections monthly of [Haldol]." Plaintiff states that it is against the law to force psychotropic medication on a person. *Id.* Plaintiff seeks declaratory and injunctive relief and monetary damages. *Id.* at 5.

---

[2] A separately-docketed order directs service of Plaintiff's claim against defendant Dr. Cross.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint does not contain any factual allegations of specific wrongdoing attributable to Livingston, Dupree, Thomas, Wilson, and Boone. Accordingly, these defendants are entitled to summary dismissal from the action.[3]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss Livingston, Dupree, Thomas, Wilson, and Boone from this case without prejudice and without issuance and service of process.

---

[3] Additionally, to the extent Plaintiff alleges violation of the double jeopardy clause, his claims fail because involuntary civil commitment does not violate the double jeopardy clause. *In re Matthews*, 550 S.E.2d 311, 316 (S.C. 2001) (holding South Carolina's Sexually Violent Predator Act, which provides the process for involuntary civil commitments of sexually violent predators, does not violate the Double Jeopardy Clause of the Constitution because it does not constitute punishment).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 5, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).