IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No.: 3:15-362-TLW-SVH |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Mr. NFN Livingston, Officer; Judy Dupree, Social Worker; Janice Thomas, RN; Dr. NFN Cross; Kia Wilson, Horry County Attorney; and Kenny Boone, Sheriff; suing each defendant in his own private individual capacities, | ) ) ) ) ) ) ) | ORDER |
| | ) | |
|     Defendants. | ) | |
| | ) | |

  Leo McClam ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's motion for appointment of counsel [ECF No. 23] and motion to amend the complaint [ECF No. 26]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial proceedings have been referred to the undersigned.

I. Motion for Appointment of Counsel

  Plaintiff's second motion for appointment of counsel states that her is without adequate knowledge of the law. [ECF No. 23].[1] There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is

---

[1] The undersigned denied Plaintiff's first motion for appointment of counsel [ECF No. 18] on March 5, 2015. [ECF No. 19].

granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

II.     Motion to Amend

In his amended complaint, Plaintiff alleges that he needs to add defendants to his lawsuit to protect his life due to the increase in harassment. [ECF No. 26]. Without providing any additional factual allegations, Plaintiff lists the names and addresses of two proposed additional defendants. *Id*.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Plaintiff's motion to amend

must be denied as futile because Plaintiff has failed to provide sufficient factual allegations pursuant to Fed. R. Civ. P. 8(a).

III.    Conclusion

For the foregoing reasons, the undersigned denies Plaintiff's motion for appointment of counsel [ECF No. 23] and motion to amend the complaint [ECF No. 26].

IT IS SO ORDERED.

March 27, 2015                                          Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

3