IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No.: 3:15-362-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Dr. NFN Cross, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendant filed a motion for summary judgment on October 24, 2015. [ECF No. 58]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on October 26, 2015, advising him of the importance of the motion for summary judgment and of the need for him to file an adequate response. [ECF No. 59]. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's motion may be granted.

On November 13, 2015, the Clerk of Court received a telephone call from Plaintiff, in which he stated he was being prevented from sending or receiving any mail, including legal mail. [ECF No. 61]. Plaintiff stated that he had not received Defendant's motion for summary judgment or the *Roseboro* order from the court. *Id.* On November 16, 2015, the undersigned issued an order directing Defendant to file an affidavit from the custodian of Plaintiff's mail describing the mail protocol and stating whether Plaintiff had received mail from defense counsel and the court. [ECF No. 62]. On November 30, 2015,

Defendant filed the affidavit of Stuart Shields, Director of the G. Werber Bryan Psychiatric Hospital ("BPH") where Plaintiff is involuntarily committed. [ECF No. 64-1]. Mr. Shields stated that he had confirmed that Plaintiff had received all legal mail delivered by the U.S. Post Office to BPH. *Id*. at 2. Counsel for Defendant also mailed Plaintiff another copy of the motion for summary judgment on November 30, 2015. [ECF No. 65-1 at 2]. On December 7, 2015, counsel for Defendant filed a supplemental response that was delivered to him on December 3, 2015, including mail from the court and defense counsel, indicating that when Plaintiff's legal mail was delivered to him, he wrote "<u>Return to Sender</u> Plaintiff is on mail restriction" on the envelope and refused the mail. [ECF 65-2 at 3–7]. The BPH staff placed the legal mail with his personal belongings in storage, but Plaintiff can request access to the mail. [ECF No. 65-2 at 2]. Defendant represents that "Plaintiff has access to and receives his legal mail, but he intentionally refuses to accept it or open it. He writes on the envelopes that he wants the legal mail returned to the senders and incorrectly states that he is on 'mail restriction,' which implies that he cannot receive legal mail." [ECF No. 65-1].

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff has failed to respond to Defendant's motion for summary judgment. As such, it appears to the court that he does not oppose the motion and wishes to abandon this action. Based on the foregoing, Plaintiff is directed to advise the court whether he wishes to continue with this case and to file a response to Defendant's motion for summary judgment by December 22, 2015. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to

prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

    IT IS SO ORDERED.

*Shiva V. Hodges*

December 9, 2015             Shiva V. Hodges
Columbia, South Carolina     United States Magistrate Judge

3